# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

At Charleston

1 Starr Dalton
plaintiff

civil Action No. 1:09-1091
28 U.S.C. § 1983



Booker T. Stephens
David A. Faber
R. Clark Vandervort
Aleta Barie
Jim Rubenstien
David Ballard
Michael Brooks
Janet Murphy
Defendants




## COMPLAINT

I. previous lawsuites

A. plaintiff has not begun any other lawsuites in state or federal court dealing with the same facts involved in this action.

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit:

Plaintiffs: ____________________

____________________

____________________

Defendants: ____________________

____________________

____________________

2. Court (if federal court, name the district; if state court, name the county);

____________________

____________________

3. Docket Number: ____________________

4. Name of judge to whom case was assigned:

____________________

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

____________________

____________________

6. Approximate date of filing lawsuit: ____________________

7. Approximate date of disposition: ____________________

**II. Place of Present Confinement:** Mt ollive correctional complex

A. Is there a prisoner grievance procedure in this institution?

Yes ✓ No ______

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ✓ No ______

C. If you answer is YES:

1. What steps did you take? fully complied with the procedure promulgated by the prison.

2. What was the result? redress was denied.

______________________________

D. If your answer is NO, explain why not: ______________________________

______________________________

**III. Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff: [illegible] Starr Dalton

Address: 1 Mountainside way, Mt ollive, WV 25185

B. Additional Plaintiff(s) and Address(es): ______________________________

______________________________

______________________________

______________________________

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant: Booker T. Stephens

is employed as: circuit judge

at Mcdowell county circuit court

D. Additional defendants: David A. faber; R. clark vandervort; Aleta Baric; Jim Rubenstien; David Ballard; Michael Brooks; and Janet murphy.

IV. **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On the 13th day of february 1999, a Mcdowell County sheriff's deputy by the name of robert Gale riggs went before a magistrate judge in the county of Mcdowell and thereupon unlawfully obtained a warrant to search the plaintiffs residence, whereby, roguishly illustrated a make believe tale that he had in his possession a videotape containing statements taken from an informant wherein the informant alleged that the plaintiff had been involved in the commission of the crime of armed robbery.

The said deputy never produced any such videotape nor any parcel of evidence inculpating the plaintiff whatsoever. However, the magistrate issued the warrant on the strength of the deputies' mere hearsay statements.

The exploitation of the unconstitutional warrant was effectuated shortly thereafter on this same day and the plaintiff was apprehended. whereafter the said deputy and a brigade of other police officers launched a brutal beating of the plaintiff who was at this time a 15 year old child. subsequently the plaintiff was placed in the southern regional juvenile detention center in princeton W.VA.

The authorities made no attempt to contact the plaintiffs' parents and obstructed the applicable juvenile statute in handling the plaintiff.

eventually deputy riggs filed a juvenile petition against the plaintiff charging him with armed robbery; possession of cocaine with intent to deliver; fleeing from an officer; and conspiracy.

On the 3rd day of March 1999, the Mcdowell county circuit court held a preliminary hearing for the matter. the plaintiff appeared in person. The court appointed Floyd A. Anderson to represent him. The state was represented by prosecutor Danny W. Barie. Judge Booker T. Stephens presided over the matter. The state produced no evidence at all at the hearing and proved from it's own mouth that the hearsay testimony it proposed was not credible. **See exhibit A(3) pg 18-19.**

At the conclusion of said hearing the state declared that it would seek to transfer the proceeding to the adult jurisdiction of the court. **See exhibit A(3) pg 34-35.**

The state filed it's motion to transfer on March 8, 1999. wherein it offered no evidence in support of said motion. **See exhibit B(1).**

The plaintiff filed a response to said motion wherein he avered that the state had failed to establish probable cause and had not produced it's alleged witnesses; the videotaped statement; nor any other evidence and that a transfer could not be based entirely on hearsay. **See exhibit B(2).**

Knowing that he could not produce suficient evidence to warrant a probable cause determination for the purpose of transfer to the adult jurisdiction of the court or any evidence at all that could muster adequate indicia of reliability, he engaged a deceptive contrivance in which to compel the plaintiff to be a witness against himself and enter a waiver of junile jurisdiction.

first, the said prosecutor related to plaintiffs' attorney that the state would drop the charges if plaintiff admitted that he has distributed drugs for drug dealers in detroit michigan and agree to testify against them. plaintiff declined to acquiesce in this plot.

However, later the state related to plaintiffs' attorney that it would drop the charges of armed robbery; possession of cocaine with intent to deliver; fleeing from an officer; and conspiracy if the plaintiff would agree to be tried as an adult and plead guilty to non-aggravated robbery. The state and plaintiffs' attorney promised the plaintiff that the state would recommend that the court sentence plaintiff to a definite term of 8 years and that he would only serve 1/3rd of that sentence before the state would have to release him from custody.

On the 22nd day of april 1999 the plaintiff agreed to accept the states' offer after the court (Judge Booker T. Stephens) confirmed that the states' promises related

to the sentence that would be imposed would be honored by the court and that plaintiff would be released after serving 1/3rd of the sentence.

The state then incorporated the terms aforesaid into a written plea agreement and it was signed by all parties thereto and accepted by the court this same day. All terms were executed and the plaintiff was convicted of non-aggravated robbery, ~~base~~ as an adult, based on his guilty plea under the plea agreement with the state.
See exhibit B(4); and B(6) pg4.

A sentencing hearing was held on May 24, 1999. Whereupon the court followed the states' sentence recommendation as was promised and the court sentenced plaintiff to 8 years. See exhibit C. The judgment of this case became final once the sentence was imposed. Inasmuch once the plaintiff began serving the sentence his right to enforce the plea agreement inured.

On January 24, 2002, the McDowell County Circuit Court breeched it's promise that plaintiff would be released after serving 1/3rd of his sentence and subjected plaintiff to double jeopardy by abrogating his right to parole review and increasing the origional sentence. Specifically, the court suspended the balance of the 8 year sentence and imposed an alternative 6 month to 2 year sentence, in violation of W.VA. Code §62-12-3.
See exhibit D(1).

On June 12, 2002, the court ordered that the plaintiff return to the court for further sentencing. Whereafter the plaintiff appeared with his attorney, Floyd A. Anderson, and the court revocated the 6 month to 2 year sentence and reinstated the 8 year sentence and ordered the plaintiff back to prison. **see exhibit D(4) pg 12-13.**

A short while later this same day the court, without giving any notice or time for plaintiff or his counsel to prepare, the court ordered that the plaintiff return to the court. Whereupon, the court planted a decoy attorney to represent plaintiff and thereby facilitated another breech of the plea agreement and violation of many of plaintiffs' constitutional rights. Wherefore, at this hearing the State claimed that the 8 year sentence, which it had promised in the plea agreement and which had already been executed in full by plaintiff, was improper and requested that the court increase that sentence to an indeterminate term of 5-18 years. The court immediately imposed this sentence without giving the plaintiff any opportunity to object or speak at all whatsoever.

The court concluded the hearing in saying to the decoy attorney it had placed at the hearing to represent plaintiff, "you should talk to Floyd Anderson (who was not present) to determine the petitioner's options" in light of the breech of the plea agreement and unlawful increased sentencing. **see exhibit D(4) pg 13-15.**

This increased sentencing again subjected plaintiff to double jeopardy.

immediately after being returned to jail following the unlawful resentencing the plaintiff dilligently endeavored to contact his attorney to no avail. plaintiff thereafter wrote letters to the court that the attorney it placed at the resentencing hearing as a substitute (decoy) had never given him a phone number or address at which to reach him and was not acting on his behalf and that his actual attorney was eluding him as well and that he wished to be appointed a new attorney inorder to persue challenges to the resentencing. However the court (Mcdowell county circuit court) did not respond to these letters. plaintiff later filed a petition for habeas corpus which was also ignored.

On september 11, 2002, the plaintiff filed a petition for habeas corpus in the west virginia supreme court challenging the resentencing and seeking the enforcement of the plea agreement he entered with the state. This case was refused by said court without explanation, but the court publicly admitted that 80 percent of its docket is disposed of yearly without consideration.

Since the day of this first habeas filing the plaintiff has filed multitudes of petitions challenging his conviction and sentence in the state supreme court; the state circuit court; and the federal courts. throughout the many years of challenging this uncon-

stitutional incarceration not so much as 7 months has passed without a collateral attack on the conviction and sentence pending in either a state or federal court. All of these actions challenging this lawless sham have been rejected without consideration despite the plaintiffs' clear and explicit right to an omnibus hearing, the courts, both state and federal, truculently deny that right inorder to protect many government officials from charges of fraud; misfeasence of offices and perhaps even criminal charges which will inevitably surface from the full and fair litigation of a habeas corpus proceeding challenging this incarceration.

In january 2006, the plaintiff discovered new evidence that illuminates the complicity and culpability of the judge; the prosecution; defense attorney; and sheriffs' department in the deceitful plotting and execution of the plaintiffs unlawful arrest and false inprisonment. In sum, such evidence shows that the state fabricated it's case in it's entirety and that the court consciously permitted the use of perjured testimony and that both the state and the court had acted in unison with defense counsel in their chicanery that induced plaintiff to enter the plea agreement and that they had from the very beginning intended to dupe the plaintiff with promises they would not keep.

these facts are exemplified by fact that the person whom the state claimed had provided a videotaped statement against plaintiff is willing to testify that he never made any such statements.

At the time plaintiff entered the plea agreement he was unaware of this and although he was devoid of the ~~rob~~ alleged robbery the state convinced him by way of perjured testimony and fabricated evidence that he would be convicted on the word of others and that he would be wise to enter the plea agreement and accepted a light sentence, ie, definite 8 year sentence, which, with the promise to be released after 1/3rd is in essence a sentence of little over 2 years and with parole eligibility occuring after 2 years, amounted to a 2 to 2½ year sentence.
However as shown by the record the state and the court utilized the bait and switch maneuver and after plaintiff pled guilty and served over 2½ years he never saw the parole board and the court increased the sentence twice. the last of which being the 5-18 year sentence he now seeks to have invalidated. plaintiff has been in prison for over 10 years yet when he entered his plea he was promised that he would not serve more than 2½ years.

The defendants to this civil action have all conspir-

ed to insulate the egregious frauds of this case from all judicial review and have thereby violated the plaintiffs 1st, 4th, 5th, 6th, 8th, and 14th Amendment rights and made themselves liable to the instant civil action.

Booker stephens; David faber; R clarke vandervort; and janet murphy are named as defendants because they have at times denied plaintiff access to the court completely; and at other times they prevent plaintiffs claims from being heard by revising plaintiffs petitions and not making findings of fact based on the record but concocting their own facts, and by not applying the law enacted by the legislature and upheld by the U.S. supreme court, but creating and applying their own law in rejecting plaintiffs claims.

Michael Brooks is a defendant because he is a former police officer who fabricated evidence against plaintiff and who now holds a position in the Mcdowell county circuit clerks offices and has blockaded plaintiffs claims from reaching the court.

Aleta Barie is a deputy clerk for the southern district of west virginia who is tied to Danny W. Barie who is the prosecutor who commandeered this grave injustice, and she has influenced David faber; R. clarke vandervort and all other federal judges in the southern district



court in their misfeasant denial of plaintiffs claims.

Jim Rubenstien and David Ballard are defendants because they assisted in this false inprisonment by blocking plaintiffs access to the court; altering his identity by changing his name add DOC number and assaulting plaintiff; depriving him food, writing supplies, personal hygiene items and other necessities in an attempt to force him to refrain seeking justice thru the courts.

They have also caused him to be denied parole by fabricating reports against him and perverting the record of his psychological health. plaintiff has had a GED (general equivolency diploma) since he was 16 years old and in 2002 his intelligent quotient was 140 and he was regardes as above average level of intelligence. however the aforementioned culprits destroyed evidence of this and refuse to allow plaintiff to undergo a psychological evaluation and new IQ test. they do so to enable the parole board to conceal that they have been denying parole to someone who is certainly not a threat to society but would actually be considered a genius in our society. Thus, this false inprisonment is further facilitated based thereon. were it not for such plaintiff could be released on parole and hence free to put an end to this grave injustice and have prosecuted the perpetrators hereto.

~~[illegible]~~

The actions of the defendants have injured the plaintiff and deprived him his liberty whereas until they have been enjoined from their actions the plaintiff will not have his case reviewed.

This court is not being asked to enter any order or judgment that invalidates plaintiffs' conviction or shortens his inprisonment, but the court is being asked to order that the plaintiffs' right to an omnibus habeas corpus hearing be honored and that the hearing be conducted according to law.

The plaintiff is entitled to a hearing because he has raised credible allegations that he is held in violation of the constitution; claims that meet the miscarriage of justice standard and hence defeat any procedural default rule. Once more, this court does not have to, and should not find that plaintiff is entitled to release. It only has the duty to declare that plaintiff has raised claims that inure to him a right to have his claims reviewed by an impartial habeas court, and that all perpetrators obstructing such must be enjoined from abusing their public offices for the facilitating of this false inprisonment.

**IV. Statement of Claim (continued):**

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

plaintiff seeks declaratory and injunctive relief in the form of an order declaring that based upon the substance of plaintiffs' claims and the record in support thereof he is entitled to an omnibus habeas corpus hearing and has a right to have that hearing conducted fairly and according to law; which in sum, means that the defendants as well as any other party having a personal interest in the outcome of said proceeding must be disqualified from making ruling in said case, and that whosoever decides the case must

**V. Relief (continued)):**

do so based on the facts projected by the record and must not concoct falsities to substitute for those facts; and must apply the law enacted by the legislature and refrain from creating their own law or deliberately misapplying the law to cause plaintiff injury and facilitate violations of his constitutional rights.

**VII. Counsel**

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

________________________________________________________

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes ______ No ✓

If so, state the name(s) and address(es) of each lawyer contacted:

________________________________________________________

________________________________________________________

If not, state your reasons: plaintiff is an attorney

________________________________________________________

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes ______ No ✓

If so, state the lawyer's name and address:

______________________________________________

______________________________________________

Signed this 21 day of September, 2009.

______________________________

______________________________

______________________________

______________________________
Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2009.
(Date)

______________________________
Signature of Movant/Plaintiff

______________________________
Signature of Attorney
(if any)


1 Mountainside Way
Mt Olive WV 25185
UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004271669
$ 04.95
OCT 05 2009
MAILED FROM ZIP CODE 25183
CORRESPONDANCE FROM INMATE
AT MOUNT OLIVE CORRECTIONAL COMPLEX
U.S. District Court
Suite 2400
300 Virginia St, east
Charleston WV 25301
PRIORITY MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008



OCT 0 5 2009