```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

1STARR DALTON,

     **Plaintiff,**

v.                               Case No. 1:09-cv-01091

BOOKER T. STEPHENS,
DAVID A. FABER,
R. CLARK VANDERVORT,
ALETA BARIE,
JIM RUBENSTEIN,
DAVID BALLARD,
MICHAEL BROOKS, and
JANET MURPHY,

     **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is a civil rights action in which Plaintiff, an inmate at Mount Olive Correctional Complex, seeks declaratory and injunctive relief in the form of an order declaring that he is entitled to an omnibus habeas corpus hearing in state court, heard by a judicial officer who will be fair. (Complaint, docket sheet document # 2, at 16.)  He alleges that the defendants conspired with one another "to insulate the egregious frauds of this case from all judicial review," thereby violating Plaintiff's civil rights.  (Id. at 12-13.)  Plaintiff stresses that he is <u>not</u> asking this court to invalidate his conviction; rather he wants this court "to order that the plaintiff's right to an omnibus habeas corpus hearing be

honored and that the hearing be conducted according to law." (<u>Id.</u> at 15.)  Plaintiff is presently incarcerated at the Mount Olive Correctional Complex, serving a sentence imposed by the Circuit Court of McDowell County, West Virginia, based upon his guilty plea to second degree robbery.  Also pending is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs. (# 1.)

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Furthermore, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . [and proceed in forma pauperis under this section] if the prisoner has on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The instant case is one in a long line of actions (thirteen so far) Plaintiff has filed in which he has taken issue with the fact of his confinement or denial of parole.  Plaintiff filed a petition for a writ of habeas corpus, <u>Dalton v. McBride</u>, No. 1:07-cv-74

2

(S.D. W. Va. July 9, 2007), which was determined to be barred by the one-year period of limitations. His appeal was dismissed. Dalton v. McBride, No. 07-7111 (4th Cir. Oct. 24, 2007). A subsequent habeas corpus petition, Dalton v. Rubenstein, No. 1:08-cv-901 (S.D. W. Va. Mar. 3, 2009), was dismissed as untimely and successive. His appeal of that order was similarly dismissed. Dalton v. Rubenstein, No. 09-6525 (4th Cir. Aug. 5, 2009). Plaintiff has also filed one civil action under 28 U.S.C. § 1651, seeking a writ of mandamus, which the undersigned has recommended be dismissed with prejudice under 28 U.S.C. §§ 1915A and 1915(g). Dalton v. Goodwin, 2:09-cv-01558. That matter is pending before the Honorable Thomas E. Johnston, United States District Judge.

Plaintiff has also filed ten civil actions under 42 U.S.C. § 1983, several of which challenge decisions of the West Virginia Parole Board, and others of which assert that the defendants therein allowed excessive force to be used against Plaintiff while he has been incarcerated.[1] At least three of these civil actions have been dismissed on the grounds that the cases were frivolous or failed to state a claim upon which relief can be granted, and can

---

[1] Those cases are as follows: Dalton v. W. Va. Division of Corrections, 2:08-cv-00335; Dalton v. W. Va. Parole Board, 2:08-cv-00956; Dalton v. W. Va. Parole Board, 2:08-cv-00957; Dalton v. W. Va. Parole Board, 2:08-cv-00958; Dalton v. W. Va. Division of Corrections, 2:08-cv-01151; Dalton v. W. Va. Division of Corrections, 2:08-cv-01153; Dalton v. W. Va. Parole Board, 2:08-cv-01216; Dalton v. W. Va. Parole Board, 2:08-cv-01217; Dalton v. W. Va. Parole Board, 2:08-cv-01218; and Dalton v. W. Va. Division of Corrections, 2:10-cv-00214.

be counted towards the three cases described under section 1915(g). Thus, under section 1915(g), the undersigned proposes that the presiding District Judge **FIND** that Plaintiff may not proceed with the present civil action (which does not allege that Plaintiff is in imminent danger of serious physical injury), unless he pays the $350 filing fee in full, which he has not done.

Notwithstanding the filing fee issue, Plaintiff's present Complaint must be dismissed with prejudice on other grounds. Plaintiff filed an identical Complaint in the Charleston Division of this court which was dismissed under section 1915A by the Honorable Joseph R. Goodwin, Chief United States District Judge, on March 12, 2010. (Dalton v. Stephens, Case No. 2:09-cv-01332, docket sheet documents ## 3, 5 and 6). For the same reasons as those set forth in Case No. 2:09-cv-01332, Plaintiff's complaint is legally frivolous. The current complaint is essentially an attempt to attack his state habeas corpus proceedings and to obtain a hearing. A defendant convicted in State court does not have a federal constitutional right to a particular form of habeas corpus review.

Violations of State law and procedure which do not infringe specific federal constitutional protections are not cognizable under section 2254. Estelle v. McGuire, 502 U.S. at 67-68 ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Weeks v. Angelone, 176

4

F.3d 249, 262 (4th Cir. 1999)("Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."); <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983)(per curiam)("it is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.")

Furthermore, Plaintiff's Complaint fails to state a claim upon which relief may be granted against any of the defendants. Plaintiff's claims against the defendants who are judges (defendants Stephens, Faber and VanDervort) are barred because those defendants are absolutely immune from liability based on their judicial acts. <u>Pierson v. Ray</u>, 386 U.S. 547 (1967); <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>King v. Myers</u>, 973 F.2d 354, 356-57 (4th Cir. 1992). Plaintiff's claims against Michael Brooks, Aleta Barie and Janet Murphy are also meritless because they have no role in making the judicial decisions which resulted in the denial of Plaintiff's petitions for habeas corpus relief. The same is true as to defendants Ballard and Rubenstein, who are Plaintiff's custodians.

Finally, because Plaintiff's present Complaint raises identical claims against identical parties as those raised in Case No. 2:09-cv-01332, Plaintiff's present Complaint is also barred under the doctrine of <u>res judicata</u>. Under the doctrine of <u>res judicata</u>, "a judgment on the merits in a prior suit bars a second

suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979). As stated in Thomas v. Consolidation Coal Co., 380 F.2d 69 (4th Cir. 1967):

> Res judicata is a broad, judicially-developed doctrine under which the courts have sought to deal with the problems posed by the effects, if any, of a prior judgment on subsequent litigation. "The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results."

380 F.2d at 77. Furthermore:

> The preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir.1989), quoting Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991).

There are three factors that must be present for res judicata to apply. There must be (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suits, and (3) an identity of parties or their privies in both suits. Id. In the instant case, Plaintiff has raised the exact same issues concerning the alleged liability of all of the same defendants. As stated above, Plaintiff's prior

complaint concerning these claims in Case No. 2:09-cv-01332 was dismissed with prejudice. Accordingly, there was a final judgment on the merits of the identical causes of action in a prior suit.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim against any defendant, is legally frivolous, and is barred by res judicata.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's Complaint (# 2) be dismissed with prejudice pursuant to 28 U.S.C. § 1915A, and that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (# 1) be **DENIED**.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Berger.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

    May 11, 2010  
         Date

*/s/ Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge