IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

1 STARR DALTON

              Plaintiff,

v.                                  CIVIL ACTION NO. 1:09-cv-01091

BOOKER T. STEPHENS, et al.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

On this day, the above-styled matter came before the Court for consideration of the *Proposed Findings and Recommendation* of United States Magistrate Judge Mary E. Stanley. By Order (Document No. 12) on May 4, 2010, this action was referred to the Honorable Mary E. Stanley, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On May 11, 2010, the Magistrate Judge submitted *Proposed Findings and Recommendation* ("PF&R") (Document No. 14) wherein it is recommended that this Court deny Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1) pursuant to 28 U.S.C. §1915(g) and dismiss with prejudice Plaintiff's Complaint (Document No. 2), pursuant to 28 U.S.C. § 1915A.

Plaintiff, Mr. Dalton, an inmate in state custody at the Mount Olive Correctional Complex, brings this civil rights action to seek "declaratory and injunctive relief in the form of an order

---

[1] This action was initially referred to the Honorable Maurice G. Taylor, Jr. for total pretrial management and submission of proposed findings of fact and recommendations for disposition on October 8, 2009. *See* Order of Referral (Document No. 3).

declaring that based upon the substance of Plaintiff's claims and the record in support thereof he is entitled to an omnibus habeas corpus hearing conducted fairly and accordingly to the law[.]"[2] Complaint at 16. The Court has reviewed the Plaintiff's October 6, 2009, Application to Proceed without Prepayment of Fees and Costs (Document No. 1), the Plaintiff's Complaint (Document No. 2) and the 142-page "Memorandum" submitted to the Court on February 5, 2010. Plaintiff alleges that Defendants "conspired to insulate the egregious frauds of this case from all judicial review[.]" *Id*. at 12-13.[3] The Magistrate Judge found that the instant case is identical to *Dalton v. Stephens*, Case No. 2:09-cv-1332, in which the Honorable Joseph R. Goodwin, Chief United States District Judge, dismissed Plaintiff's Complaint pursuant to Section 1915A, on March 12, 2010. Therefore, Magistrate Judge Stanley proposed that the Court find "that Plaintiff's [instant] Complaint fails to

---

[2] Mr. Dalton is currently serving a sentence imposed by the Circuit Court of McDowell County, West Virginia, following his April 1999 guilty plea to non-aggravated robbery. *See* Memorandum (Document No. 7), Plea Agreement at 3-4; Order Accepting Guilty Plea at 46-47. On May 24, 1999, the Circuit Court of McDowell County sentenced Mr. Dalton pursuant to his plea agreement, to a definite term imprisonment for eight years. *See* Memorandum, Sentencing Order at 48-49. In June 2002, the prosecution discovered that the eight-year sentence did not comply with West Virginia Code Section 61-2-12(b) which requires an indeterminate term of imprisonment for five to eighteen years for the offense of non-aggravated robbery. *See* Memorandum, Order Executing Sentence and Correcting Sentence For Nonaggravated Robbery at 52-54. The Circuit Court of McDowell County subsequently re-sentenced Plaintiff to an indeterminate term of imprisonment for five to eighteen years. *Id*. The sentencing court advised the public defender to consult with Mr. Dalton's attorney, the chief public defender, and Mr. Dalton "to determine [his] options in light [of the re-sentencing] including a possible motion to withdraw the [guilty] plea." *Id.* at 54. Mr. Dalton justifiably took exception with his re-sentencing and has engaged, albeit unsuccessfully, in litigating the June 2002 re-sentence for the last eight years. *See* Memorandum, Timeliness of Petition Chronology of Collateral Proceedings at 61-71. The Court observes that the McDowell Circuit Court in 2004 denied Mr. Dalton's Petition for Writ of Habeas Corpus in part because the original definite term of imprisonment for eight years was contrary to the law and because there was no motion to withdraw the guilty plea in the record. *See* Memorandum, Order Denying Petition For Writ of Habeas Corpus at 79-81. The Court observes that the sentencing court provided a clear hint to Mr. Dalton that he could have filed a motion to withdraw his guilty plea; however, there is no indication that he did so. This Court agrees with Magistrate Judge Stanley in that Mr. Dalton's instant action, albeit a 42 U.S.C. § 1983 action, is designed to obtain a review of the 2002 re-sentencing. *See* PF&R at 4 ("The current complaint is essentially an attempt to attach [Plaintiff's] state habeas corpus proceedings and to obtain a hearing.").

[3] Plaintiff challenges the actions of his sentencing judge, the Honorable Circuit Court Judge Booker T. Stephens; two judges of the United States District Court for the Southern District of West Virginia, the Honorable David A. Faber and the Honorable R. Clarke VanDervort; three members of the Clerk's office staff in the Circuit Court of McDowell County and the United States District Court for the Southern District of West Virginia, Defendants Barie, Brooks and Murphy, and two of his custodians at the Mount Olive Correctional Institution, Defendants Ballard and Rubenstein. Complaint at 13-14.

state a claim against any defendant, is legally frivolous and is barred by res judicata." *See* PF&R at 7.

In accordance with the provisions of 28 U.S.C. § 636(b) the Plaintiff was allotted fourteen (14) days, plus three (3) mailing days, in which to file any written objection to the proposed findings and recommendation.[4] As a result, objections to Magistrate Judge Stanley's *Proposed Findings and Recommendation* were due on May 28, 2010. To date, Plaintiff has not filed any such objections. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Court, therefore, **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation* which held that Plaintiff's claims are precluded by res judicata and **FINDS** that Plaintiff's Complaint [for the Violation of Civil Rights Under 42 U.S.C. § 1983] and all its accompanying documentation, must be dismissed pursuant to 28 U.S.C. § 1915A. Accordingly, the Court **ORDERS** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1) be **DENIED,**

---

[4] *See* Proposed Findings and Recommendation (Document No. 14) at 7; *see also* 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).

pursuant to 28 U.S.C. § 1915(g), and Plaintiff's Complaint (Document No. 2) be **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley and any unrepresented party.

                ENTER:     June 10, 2010

                IRENE C. BERGER, JUDGE
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF WEST VIRGINIA